UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRED PITZER,                          :    NO.: 1:01-cv-00130
                                      :
          Plaintiff,                  :
                                      :    **ORDER**
          v.                          :
                                      :
CORRECTIONS MEDICAL SERVICES, :
et al.,                               :
                                      :
              Defendants.             :

     Plaintiff Fred Pitzer, proceeding <u>pro se</u> and <u>in forma</u> <u>pauperis</u>, alleges that he was denied medical care in violation of the Eighth Amendment to the United States Constitution while incarcerated at the Hamilton County Justice Center ("HCJC")(doc. 12). Magistrate Judge Hogan issued a Report and Recommendation (doc. 39) recommending that summary judgment be granted in favor of Defendants Hamilton County, the Hamilton County Sheriff's Office, Sheriff Simon Leis, Jr., and HCJC Director of Corrections Joseph Schmitz (collectively, "County Defendants")(doc. 30). Pitzer objected to the Report and Recommendation (doc. 47), and the County Defendants have responded (doc. 49). The matter is now fully briefed and ripe for decision. For the following reasons, Pitzer's objections will be overruled, and the Magistrate Judge's Report and Recommendation will be adopted in its entirety.

**I. APPLICABLE LEGAL STANDARD**

     Although a grant of summary judgment pursuant to Fed. R. Civ. P. 56 is not a substitute for trial, it is appropriate "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id.; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

        The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees,

980 F.2d 399, 405 (6th Cir.1992); <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479 (6th Cir.1989).  The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case.  <u>See</u> <u>Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.</u>, 12 F.3d 1382, 1389 (6th Cir.1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  <u>See</u> <u>Celotex</u>, 477 U.S. 317; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  As the "requirement [of the Rule] is that there be no genuine issue of <u>material</u> fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment."  <u>Anderson</u>, 477 U.S. at 247-48 (emphasis added); <u>see</u> <u>generally</u> <u>Booker v. Brown & Williamson Tobacco Co., Inc.</u>, 879 F.2d 1304, 1310 (6th Cir. 1989).  Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  <u>Anderson</u>, 477 U.S. at 252; <u>see</u> <u>also</u> <u>Gregory v. Hunt</u>, 24 F.3d 781, 784 (6th Cir.1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more

-3-

than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. <u>Moore v. Philip Morris Cos., Inc.</u>, 8 F.3d 335, 339-40 (6th Cir.1993); <u>see also Celotex</u>, 477 U.S. at 324; <u>Guarino</u>, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." <u>Guarino</u>, 980 F.2d at 405, <u>quoting Inter-Royal Corp. v. Sponseller</u>, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. <u>See McDonald v. Union Camp Corp.</u>, 898 F .2d 1155, 1162 (6th Cir.1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. <u>See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970); <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. <u>See Adams v. Metiva</u>, 31 F.3d 375, 378 (6th Cir.1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. <u>See Matsushita</u>, 475 U.S. at 587. The fact that the non-moving party fails to respond to the

-4-

motion does not lessen the burden on either the moving party or the
Court to demonstrate that summary judgment is appropriate. <u>See</u>
<u>Guarino</u>, 980 F.2d at 410; <u>Carver v. Bunch</u>, 946 F.2d 451, 454-55
(6th Cir.1991).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to the instant motion, drawn from the
pleadings and other submitted evidence and viewed through the
proper evidentiary standard, may be fairly summarized as follows.
On October 22, 1999, Pitzer, a current inmate at the Chillicothe
Correctional Institution, was arrested by members of the Cincinnati
Police Department and transported to the HCJC's intake center. At
the intake medical screening, it was noted that Plaintiff suffered
from chronic asthma and required the use of an Albuterol Inhaler.
According to Pitzer's HCJC medical records, he was provided with
adequate medications and the use of his inhaler throughout his
incarceration; furthermore, they reveal he was sent to the HCJC
Medical Treatment facility approximately thirty times during his
incarceration. Pitzer, however, contends that he was delayed or
completely denied receiving his medication numerous times, causing
him to pass out on at least one occasion. He also contends that
the HCJC staff's failure to provide his medication forced him to
resort to contacting outside friends and family members who, in
turn, contacted prison or justice officials regarding his plight.
He avers that he was also threatened with retaliation as a result;

significantly, however, the HCJC official who allegedly made this threat is not a party to the instant suit.

In support of their motion requesting summary judgment, the County Defendants present evidence that all medical care for inmates at HCJC from October 22, 1999 through March 3, 2000 – the relevant time period at issue – was provided by Correction Medical Systems, Inc. ("CMS") and that all of the institution's health care workers were employees of CMS, rather than the Hamilton County Sheriff's Office. They aver that CMS medical staff enjoy sole authority to render medical treatment and to prescribe and give medications to inmates; no employee of the Hamilton County Sheriff's Department was ever authorized to administer any medication to inmates. Furthermore, Defendants Leis and Schmitz, by affidavit, deny any personal knowledge of the Plaintiff. In recommending a grant of summary judgment to the County Defendants, the Magistrate Judge agreed that Pitzer failed to produce any evidence that would support holding the County Defendants liable for the alleged constitutional violations.

In objection, Pitzer contends that state statutes mandate Defendants Leis's and Schmitz's routine review of the institution and its prisoners and that, accordingly, they did or should have known of his medical condition and/or denial of medical care. He further insists that these defendants were or should have been aware of the numerous grievances he has filed complaining of the

denial of medical care, of the "911" call made on his behalf, and of the alleged retaliatory measures taken against him.  At the very least, Pitzer argues, sufficient issues of material fact exist to preclude a grant of the County Defendant's motion for summary judgment.

## III. LAW AND DISCUSSION

Magistrate Judge Hogan's Report and Recommendation effectively canvassed the jurisprudence applicable to this matter. A prison official may be held liable for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  To state a viable Eighth Amendment claim for denial of medical care under 42 U.S.C. § 1983, Pitzer, as a pretrial detainee, "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" and that such acts were performed under color of law.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir. 1989)(holding that Estelle framework is applicable to pretrial detainees).

In the context of the instant case, Pitzer must show that prison officials denied his reasonable requests for medical care in the face of his obvious need, rendering him susceptible to undue suffering or to a threat of tangible residual injury.  See Byrd v.

Wilson, 701 F.2d 592, 594 (6th Cir. 1983).  In complaining of
medical treatment that was administered to him, he must demonstrate
that the treatment was so "woefully inadequate as to amount to no
treatment at all" before it constitutes an actionable claim.
Westlake v. Lewis, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976).
Significantly, however, Pitzer bears the burden of showing that the
"deliberate indifference" standard is satisfied by objectively
demonstrating that the alleged deprivation was "sufficiently
serious" by demonstrating the effects of the delay in treatment.
Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000); see also
Napier v. Madison County, Ky., 238 F. 3d 739 (6th Cir. 2001). "An
inmate who complains that delay in medical treatment rose to a
constitutional violation must place verifying medical evidence in
the record to establish the detrimental effect of the delay in
medical treatment to succeed." Id., quoting Hill v. Dekalb Reg'l
Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994).

          Upon reviewing the record and Pitzer's objections, the
Court concludes that the Magistrate Judge properly found that
Plaintiff failed to allege facts or present evidence that either
Defendant Leis or Defendant Schmitz, in their individual
capacities, had either direct involvement or actual knowledge of
his medical condition or of his requests for medical attention and
that the theory of respondeat superior could not be used to impose
liability on them merely because they served as supervisors of the

facility.    Furthermore, the Magistrate Judge's conclusion that Pitzer could not effectively maintain any of the claims  against Leis  or  Schmidt  in  their  official  capacities  or  against  the municipality is correct; the suit is, in effect, against Hamilton County, Ohio, and "[i]t is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." Gregory v. Shelby County, Tn., 220 F. 3d 433, 441 (6th Cir. 2000), citing Monell v. Dept. of Social Servs., 436 U.S. 658,694 (1978).  Befort he may recover damages for these alleged violations from Hamilton County, Pitzer bears the burden of proving that his "injuries were the result of an unconstitutional policy or custom of the County." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994).   Pitzer has failed to highlight any specific policy leading to the deprivation of his rights or present evidence establishing a pervasive pattern of deliberate indifference on the part of the moving Defendants.

In sum, the Court finds the Magistrate Judge's Report and Recommendation well reasoned and proper. Accordingly, Plaintiff's Objections (doc. 47) are OVERRULED.  The Magistrate Judge's Report and Recommendation (doc. 39) is ADOPTED IN ITS ENTIRETY.   The Motion for Summary Judgment filed by Defendants Hamilton County, Hamilton County Sheriff's Department, Hamilton County Sheriff Simon Leis  Jr.,  and  Hamilton  County  Justice  Center  Director  of Corrections Joseph Schmitz (doc. 30) is GRANTED.   The Clerk is

-9-

instructed to enter judgment in favor of these defendants on all counts.  As Corrections Medical Services, Inc. was not a party to the instant motion, it remains a defendant in the case.

       SO ORDERED.


Dated: December 4, 2003      <u>s/S. Arthur Spiegel           </u>
                                     S. Arthur Spiegel
                                     United States Senior District Judge